**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

04 NOV 17 PM 3:48

ELIZABETH STALEY,

        Plaintiff,

vs.

No. CIV - 04 1301 JP LFG

REGENTS OF THE UNIVERSITY
OF NEW MEXICO,

        Defendant.

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

Plaintiff Elizabeth Staley, by and through her undersigned attorney, and for her claims against the Defendant, states:

1. This employment action for damages and equitable relief is based on unlawful retaliation suffered by the Plaintiff, which culminated in the wrongful termination of her employment with the University of New Mexico ("UNM" or "University"), after she engaged in protected activity by cooperating with interviews conducted by the University's investigator and providing a witness statement in support of a fellow employee's EEO complaint and thereafter filing her own EEO charge of retaliation.

2. This action is authorized by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, as amended, as well as under 28 U.S.C. §§ 1331 and 1332(a).

3. For more than four years, Plaintiff served as an attorney in the legal department of UNM's Health Sciences Center ("HSC"). After she gave a statement during an internal EEO investigation of the complaint of a fellow attorney in the UNM-HSC legal department, she was retaliated and discriminated against by defendant; thereafter and after she subsequently filed her own EEO complaint alleging retaliation, Ms.

Staley was ultimately terminated in October 2004 in further retaliation for her protected activity.

4. Federal jurisdiction is based on Title VII and 28 U.S.C. §1343.

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-5(f) and is otherwise appropriate.

6. Plaintiff has exhausted her administrative remedies. Plaintiff's EEOC charge addressing the acts alleged herein was filed in May 2004. This suit, commenced within 90 days of her receipt on August 20, 2004 of a Notice of Right to Sue, is timely.

7. Plaintiff is an Hispanic citizen of the United States and a resident of Bernalillo County, New Mexico. At all material times, Plaintiff was employed by defendant University.

8. Defendant Regents of the University of New Mexico is the proper body subject to suit for claims against UNM, which is an arm of the State of New Mexico with its principal place of business in Albuquerque, New Mexico. UNM is an employer subject to suit for compensatory damages and equitable relief under Title VII.

9. Plaintiff was hired by UNM in February 2000 to serve as an attorney in the UNM-HSC legal department. Ms. Staley is a licensed attorney in the State of New Mexico with 17 years' experience, including 14 years' experience in employment and health law, having worked for the New Mexico Department of Health where she earned the rank of Attorney Master. Throughout her tenure at UNM, Plaintiff's performance evaluations revealed no problems with her work, ranked her highly and favorably commented on her skills and the clients' satisfaction with and praise for her work.

10. In the spring of 2003, an attorney in the UNM-HSC legal department named Barbara Mathis filed an internal complaint alleging age discrimination with UNM's Office of

2

Equal Opportunity ("OEO").

11. In January 2004, Ms. Mathis filed an age discrimination charge against UNM and Estes with the EEOC.

12. Ms. Mathis had identified the Plaintiff as a witness in regard to all of her age discrimination claims against the University.

13. Estes made at least four overt attempts to force Ms. Mathis out of her employment with UNM, including his unilateral announcement at a UNM-HSC legal department meeting in the summer of 2003 of her retirement, to which Ms. Mathis voiced her immediate and vociferous objection.

14. Almost immediately after it became clear to Estes in September 2003 that Ms. Mathis would not be leaving University employment, he turned his attention to Plaintiff by making a series of allegations designed to establish the Plaintiff as dishonest in order to detract from her credibility as a witness in the Mathis matter.

15. Not long after she joined the UNM-HSC legal department in late November 2004, UNM Deputy General Counsel Saundra Brown-Savoy, whose immediate supervisor was Estes, joined him in his efforts against the Plaintiff.

16. In January 2004, Plaintiff had been interviewed twice as a witness in regard to Ms. Mathis' EEO complaint.

17. Plaintiff reduced the substance of her interviews to a written statement which she provided to the UNM investigator on or about April 16, 2004.

18. In late April 2004 before going out on medical leave, Plaintiff produced to Brown-Savoy at her request a copy of the written statement she had given to the EEO investigator. On information and belief, Brown-Savoy and Estes thereafter became

3

aware of the contents of Plaintiff's written statement.

19. In those interviews, Plaintiff gave truthful statements that, once they learned of the contents, were perceived by Estes and Brown-Savoy as not helpful to the University's defense of Ms. Mathis' age discrimination claims.

20. By giving her oral and written statements as a witness in the Mathis matter, Plaintiff engaged in opposition to discriminatory employment practices, including but not limited to engaging in participation in a complaint with the EEOC, which participation is statutorily protected by Title VII.

21. Beginning April 27, 2004, Plaintiff was on an approved two week medical leave due to work related stress.

22. On May 11, 2004, the day Plaintiff returned to work from her two week medical leave, Brown-Savoy placed her on administrative leave pending investigation of conduct for which she claimed discipline might be imposed.

23. The letter advising Plaintiff of this action was not specific as to the conduct which was the basis of investigation.

24. Nearly a month later, on June 9, 2004, Brown-Savoy gave Plaintiff a Notice of Contemplated Action (NCA), charging her with making false statements with respect to information Plaintiff had provided to Brown-Savoy in January 2004 in preparation for a Regents briefing, conduct which according to Brown-Savoy, if found to be true would subject the Plaintiff to discipline up to and including termination under the University's policies and procedures regarding same.

25. The NCA informed Plaintiff for the first time since she had been placed on administrative leave almost a month earlier that Estes and Brown-Savoy were alleging

4

that Plaintiff had intentionally misled Brown-Savoy in regard to the information Plaintiff had provided to her in preparation for the Regents briefing.

26. The information that was the subject of the charge against the Plaintiff was not substantially material to what the Regents were told in the briefing; no harm to the University was alleged to have occurred as a result of the Plaintiff's alleged false statements.

27. The charges against the Plaintiff were false and pretextual and made in an attempt by Estes and Brown-Savoy to impugn Plaintiff's credibility as a witness in the Mathis EEO matter and to effect the wrongful termination of her employment at UNM.

28. Through its supervisory agents Estes and Brown-Savoy, defendant UNM, with knowledge of and directly related to her EEO participation as described above, subjected Plaintiff to the adverse employment actions described herein.

29. Placing Plaintiff on administrative leave and then terminating her were adverse employment actions undertaken in retaliation for Plaintiff having acted as a witness in the Mathis EEO matter and in violation of her statutorily protected right to be free from discrimination in her employment.

30. After she was placed on administrative leave in May of 2004, Plaintiff filed an EEOC charge of retaliation.

31. Brown-Savoy later added further charges subjecting the Plaintiff to discipline, which were also false and pretextual. These further additional adverse employment actions were undertaken in retaliation for the Plaintiff having given her statement as a witness in the Mathis matter and in retaliation for having filed her own EEO charge of retaliation.

32. In carrying out the adverse employment actions suffered by the Plaintiff and described herein, the University engaged in the following wrongful conduct which further evidences the retaliatory and pretextual nature of its actions undertaken against the Plaintiff:

   A. The University engaged in irregularities in the application to the Plaintiff of its progressive discipline policy;

   B. The University violated Plaintiff's procedural due process rights in the disciplinary proceedings that led to her termination, including but not limited to its denial to the Plaintiff of documents in the University's possession that would have established that Plaintiff was suffering from inequitable and disparate treatment in the nature of the discipline ultimately imposed upon her when compared to the conciliation granted to at least one other similarly situated UNM employee charged with having committed similar but indeed more heinous conduct;

   C. The University failed to grant Plaintiff a salary compensation adjustment while disciplinary proceedings were pending following the hiring in September 2004 of another attorney into the legal department at a higher rate of pay than Plaintiff was receiving, which triggered the requirement that Plaintiff receive such adjustment as a matter of University policy;

   D. The University failed to make disciplinary determinations within the times required by University policy and without having sought or obtained any relief from these mandatory time lines by way of an extension of time; and,

   E. The University rebuffed the Plaintiff's attempts to resolve this employment

>   dispute on a proffered basis similar to the basis on which that other similarly situated UNM employee charged with having committed similar but indeed more heinous conduct had been allowed to resolve her employment dispute with the University.

33. Defendant's retaliatory and discriminatory actions were taken against Plaintiff for engaging in activity protected by Title VII, including (1) cooperating with the UNM investigator and giving one or more statements as a witness in the Barbara Mathis EEO matter, and (2) filing an EEO charge of retaliation under Title VII.

34. Defendant's adverse employment actions caused Plaintiff harm.

35. As a direct and proximate result of defendant's unlawful actions, Plaintiff has suffered damages including but not limited to lost past and future wages and benefits, physical injuries and the expenses for treatment of such physical injuries proximately caused by these retaliatory acts, and emotional distress, embarrassment and humiliation, for which Plaintiff is entitled to compensatory damages.

36. Plaintiff is also entitled to equitable relief against defendant UNM including but not limited to reinstatement, back pay and benefits, or in the alternative to reinstatement, front pay and benefits.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

1. Trial by jury on all issues so triable;

2. Judgment against Defendant University;

3. Equitable relief against Defendant University including reinstatement, back pay and benefits, or in the alternative to reinstatement, front pay and benefits, and the cleansing, purging and/or rehabilitation of Plaintiff's personnel file, including but not limited to her 2003 annual personnel evaluation;

4. Compensatory damages against Defendant University in an amount sufficient to make Plaintiff whole, such amount to be determined at trial;

5. Pre- and post-judgment interest;

6. Costs and reasonable and necessary attorneys' fees and litigation expenses incurred by Plaintiff to bring this case; and,

7. Such other and further relief as the Court deems just and proper.

> Respectfully submitted,
>
> Philip B. Davis
> 814 Marquette N.W.
> Albuquerque, New Mexico 87102
> (505) 242-1904
>
> Attorney for Plaintiff Elizabeth Staley

{C:\CF\Staley\complaint.final.111804.wpd}